```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
OAKLEY FERTILIZER INC., d/b/a            :
OAKLEY INTERNATIONAL,                    :
                                         :
                    Petitioner,          :
                                         :
        -against-                        :
                                         :
HAGRPOTA FOR TRADING &                   :      11 Civ. 7799 (PAC)
DISTRIBUTION, LTD.,                      :
                                         :      OPINION & ORDER
                    Respondent.          :
------------------------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 16, 2012

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Oakley Fertilizer Inc. ("Oakley") brings this action under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-08, 21 U.S.T. 2517 (the "Convention"), and the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and petitions for confirmation of an arbitration award against respondent Hagrpota for Trading and Distribution, Ltd. ("Hagrpota") awarded by a panel of the American Arbitration Association's International Centre for Dispute Resolution (the "Panel"). For the reasons set forth below, Oakley's petition is granted.

## **BACKGROUND**[1]

Between 2007 and 2009, Oakley and Hagrpota agreed to buy and sell fertilizer between themselves and to third-party buyers. Oakley claimed that it was owed approximately $16.9 million by Hagrpota as a result of these transactions and initiated arbitration proceedings with the American Arbitration Association in November 2009. Hagrpota filed suit seeking to stay the arbitration on the grounds that it had not agreed to arbitrate its dispute with Oakley. On June 18,

---

[1] Familiarity with the facts is assumed. They are set out in greater detail in Hagrpota for Trading & Dist. Co. v. Oakley Fertilizer, Inc., No. 09 Civ. 9779, 2010 WL 2594286 (S.D.N.Y. June 18, 2010).

2010, Judge McMahon issued an order compelling arbitration, Hagrpota, 2010 WL 2594286, and subsequently denied Hagrpota's request for reconsideration. Hagrpota for Trading & Dist., Ltd. v. Oakley Fertilizer, Inc., No. 09 Civ. 9779 (S.D.N.Y. July 9, 2010). Dkt. No. 26. Following the arbitration, the Panel awarded Oakley $12,205,202.33 (the "Award"), which Hagrpota has yet to pay. Oakley now petitions the Court to confirm the Award and Hagrpota urges the Court not to do so.

## ANALYSIS

Both parties agree that this case is governed by the Convention. See Bergesen v. Joseph Muller Corp., 710 F.2d 928, 932 (2d Cir. 1983) (arbitration awards "involving parties domiciled or having their principal place of business outside the enforcing jurisdiction" are subject to the Convention). "In a case governed by the Convention, the party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies. The burden is a heavy one, as the showing required to avoid summary confirmance is high." Zeiler v. Deitsch, 500 F.3d 157, 164 (2d Cir. 2007) (internal quotations omitted). Hagrpota argues that Article V(1)(c) applies, which provides that a state may refuse to confirm an award if the respondent proves that "[t]he award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration."[2] Convention on Recognition and Enforcement of Foreign Arbitral Awards, art. V(1)(c), June 10, 198, 21 U.S.T. 2517. This defense is "construed narrowly." Parsons & Whittemore Overseas Co., Inc. v. Societe Generale De L'Industrie Du Papier (RAKTA), 508 F.2d 969, 976 (2d Cir. 1974). "Although the Convention recognizes that an award may not be enforced where predicated on a

---

[2] The other defenses to confirmation include incapacity of a party, invalidity of the agreement under applicable laws, lack of proper notice, improper conduct of arbitration proceeding, and lack of binding award. Id. at V(1)(a)-(e).

subject matter outside the arbitrator's jurisdiction, it does not sanction second-guessing the arbitrator's construction of the parties' agreement." Id. at 977.

**I.     Law of the Case Doctrine**

   a.  *Legal Standard*

The law of the case doctrine "is implicated when a court reconsiders its own ruling on an issue in the absence of an intervening ruling on the issue by a higher court.  It holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise." U.S. v. Quintieri, 306 F.3d 1217, 1226 (2d Cir. 2002) (internal quotations omitted).  "A district court may revisit such decisions but with the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 288 (2d Cir. 2011) (quoting Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)).  Cogent and compelling reasons to revisit an earlier decision are generally found only where there is "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir., 2003) (quoting Virgin Atl. Airways Ltd. V. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); see also Bergerson, 652 F.3d at 288 ("generally, there is a strong presumption against amendment of prior orders.").

   b.  *Discussion*

First, Hagrpota argues that this case is separate action from that in which Judge McMahon compelled arbitration, and therefore the law of the case doctrine is inapplicable. While it is true that "the doctrine is ordinarily applied in later stages of the same lawsuit, it also

has application to different lawsuits between the same parties." In re PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991); see also N. River Ins. Co. v. Philadelphia Reinsurance Corp., 63 F.3d 160 (2d Cir. 1995) (applying doctrine where district court compelled arbitration, neither party appealed, subsequent to arbitration plaintiff moved to confirm its award, and defendants cross-moved to vacate order compelling arbitration); Antonioli v. Lehigh Coal & Navigation Co., 451 F.2d 1171, 1178 (3d Cir. 1971) (doctrine applies to subsequent lawsuit between same parties); Schupak v. Califano, 454 F. Supp. 105, 113-14 (E.D.N.Y. 1978) (applying doctrine where same issues had been litigated between same parties in another jurisdiction).  Because Hagrpota is attempting to relitigate the very same issue previously adjudicated by Judge McMahon, against the same party and relating to the same arbitration, the Court finds that the law of the case doctrine is applicable.

  Second, Hagrpota asserts that Judge McMahon's decision was clearly erroneous and therefore should not bind this Court.  A decision is clearly erroneous where, "'although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (quoting U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

  Judge McMahon found that "[o]ver the course of their relationship, Hagrpota and Oakley apparently engaged in about thirty purchase and sales transactions," and that of the twenty-two transaction confirmations provided to the Court, "all but one of them incorporated terms and conditions that included an arbitration clause." Hagrpota, 2010 WL 2594286, at *7.  These transactions had been "unambiguously identifie[d] . . . as the source of Oakley's claim." Id. at *6.  Further, Judge McMahon found that Hagrpota's repeated acceptance of "*General* Terms and

Conditions" "put Hagrpota on notice that disputes arising out of their course [of] dealing would be subject to AAA arbitration in New York." Id. at *7 (emphasis in original). Finally, Judge McMahon found that Hagrpota's argument that Oakley's claims were based on agreements entered into in 2009 to resolve disputes between Hagrpota and Oakley, rather than their purchase and sales transactions, was unavailing because the arbitration clause's terms specified that it applied to "any claim arising out of or relating to the transaction memorialized in the sales confirmation," which included the resolution agreements in question.[3] Id. at *6. Based on this record, Judge McMahon's conclusion that the parties had agreed to arbitrate the noticed dispute was not clearly erroneous.

Third, Hagrpota argues that the Court should conduct a *de novo* analysis, rather than relying on Judge McMahon's decision, because of what it terms "an intervening clarification of, if not an outright change in, the law." Resp't's Opp'n at 10 (citing Maritima de Ecologioa, S.A. de C.V. v. Sealion Shipping Ltd., No. 10 Civ. 8134, 2011 WL 1465744 (S.D.N.Y. Apr. 15, 2011)). First, the Court notes that Sealion Shipping cannot constitute "an intervening change of controlling law," Coopers & Lybrand, 322 F.3d at 167, because "[o]nly decisions of the United States Supreme Court and the relevant Courts of Appeals are binding on a District Court." TM Patents v. IBM, 107 F. Supp. 2d 352, 353 (S.D.N.Y. 2000). Moreover, Hagrpota's argument is based on a misreading of Judge McMahon's decision. Hagrpota asserts that Sealion Shipping held that the Convention requires agreements to arbitrate to be in writing, and that they cannot be "'impl[ied] . . . solely from a past course of conduct.'" Resp't's Opp'n at 13 (quoting Sealion Shipping, 2011 WL 1465744 at *4). This is inapposite, as the agreement to arbitrate was

---

[3] Hagrpota argument that "the Award is based entirely out of the parties' August 11, 2009 Agreement, which contained no such agreement to arbitrate," Resp't's Opp'n at 11, ignores that Judge McMahon's decision addressed precisely this point. Hagrpota, 2010 WL at *6 (the August 11, 2009 agreement was arbitrable because it "arose out of and related to the transactions that are memorialized in the confirmations").

repeatedly confirmed in writing by Hagrpota and Oakley, and specified that it applied to "any claim *arising out of or relating to the* transaction[s] memorialized." Hagrpota, 2010 WL 2594286, at *6 (emphasis in original). As Judge McMahon concluded, that includes the instant dispute. Hagrpota thus fails to show why the law of the case doctrine should not apply. Accordingly, the Court declines to revisit Judge McMahon's opinion that Hagrpota was required to arbitrate its dispute with Oakley. Hagrpota is now bound by the results of that arbitration.

## II.   Jurisdiction and Venue

Hagrpota objects that it is not subject to personal jurisdiction and that venue is improper in the Southern District of New York. However, "[a] party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction." Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 983 (2d Cir. 1996) (citing Farr & Co. v. Cia. Intercontinental de Navegacion de Cuba, S.A., 243 F.3d 342 (2d Cir. 1957)). Because Hagrpota agreed to arbitrate disputes with Oakley here, as discussed supra, venue is proper and Hagrpota is subject to personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Oakley's petition to confirm the Award dated October 7, 2011 is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Oakley in the amount of $12,205,202.33, with interest, and to close this case.

Dated: New York, New York
       November *16* 2012

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge